UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH-JIM CROWDOG
a.k.a. J. HENDERSON,

    Plaintiff,

vs.

Case No. 04-CV-74076
HON. GEORGE CARAM STEEH

GENESEE COUNTY CANVASSERS,
LUCE COUNTY CANVASSERS, and
JUDGE ARCHIE HAYMAN,

    Defendants.
_____/

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DOCUMENT # 15)

    Plaintiff, a prisoner proceeding *pro se*, has filed a complaint against the Genesee and Luce County Canvassers[1] stemming from his inability, as a prisoner, to vote or pursue an education past a G.E.D.

    Defendant Genesee County Board of Canvassers ("the Board") has filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss[2] in lieu of an answer, citing to Mich. Comp. Laws Ann. § 168.758b, which provides that

> [a] person who, in a court of this or another state or in a federal court, has been legally convicted and sentenced for a crime for which the penalty imposed is confinement in jail or prison shall not vote, offer to vote, attempt to vote, or be permitted to vote at an election while confined.

---

[1] Judge Archie Hayman, initially named as a defendant, was dismissed by the court at the outset.

[2] Plaintiff has not filed a response, and in fact asked in a letter filed April 18, 2004, to "extend [his] time," because his legal materials were lost in a prison transfer. However, given the court's disposition of this matter, any argument made by plaintiff would be unavailing and plaintiff's letter request is therefore denied.

As defendant points out, this provision is a creation of the Michigan legislature, and even if the plaintiff could test the constitutionality of such a law via claims brought against Boards of Canvassers, that test would fail.  See Romer v. Evans, 517 U.S. 620, 634 (1996).

A case on point in this circuit is that of Wyers v. Bannan, 249 F.2d 136 (6th Cir. 1957), where an inmate in a Michigan prison sued the warden and others, asserting a constitutional violation in the prison's refusal to send the inmate's request for voter registration forms.  The prison agreed that the plaintiff had not been allowed to send the letter, "because plaintiff was not qualified to become a registered voter and there was no point in bothering the County Clerk with unnecessary correspondence."  Id. at 136.  The Sixth Circuit in that case affirmed the district court's dismissal of plaintiff's complaint, because the "appellant [had] established no deprivation of constitutional rights."  Id.  Because the plaintiff's complaint here likewise fails to state a claim, defendant's motion brought under Fed. R. Civ. P. 12(b)(6) is hereby GRANTED, and the complaint is dismissed in its entirety[3].

IT IS SO ORDERED.

                                         s/George Caram Steeh
                                         GEORGE CARAM STEEH
                                         UNITED STATES DISTRICT JUDGE

Dated:  April 20, 2005

CERTIFICATE OF SERVICE

---

[3] Any claims plaintiff purports to bring concerning his ability to get a G.E.D. are also dismissed, as the only remaining defendants to this matter are Boards of Canvassers, clearly not implicated in defendant's alleged pursuit of further education.

2

Copies of this Order were served on Joseph-Jim Crowdog and Richard M. Barron on April 20, 2005, by electronic and/or ordinary mail.

<u>s/Josephine Chaffee</u><br>
Secretary/Deputy Clerk